ISRAEL CHODROFF, Appellant, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent.— Appeal by plaintiff in an action to recover disability benefits withheld by defendant, and premiums paid by plaintiff, under a policy of life insurance, from a judgment dismissing the complaint at the close of plaintiff's proofs on a trial before the court and a jury. Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Plaintiff made two successive claims for total and permanent disability. Both were allowed by the defendant, which, however, attempted to terminate the payment of benefits and the waiver of premiums under the first claim shortly after it was allowed. Defendant required the resumption of premium payments as an alternative to termination of the contract. The action is for the benefits alleged to be due to plaintiff and for the premiums paid by him from the time of such attempted termination and demand for premiums up to the time of the allowance of the second claim. Defendant's purported termination of benefit payments and of the waiver of premiums under the first claim was ineffectual because it was not made in accordance with the contract provision in that plaintiff was not given an opportunity to submit proof of the continuance of total

disability. The contract provided that he should have such opportunity. It also provided that the total disability should be presumed to be permanent if it existed for three months. In approving the first claim, defendant, in effect, admitted that the disability was total and permanent. It made payments on that claim for four months. It thereby conceded that the disability existed for that time. This circumstance raised the presumption of permanence, provided in the contract, which defendant must overcome to defeat the cause of action. Plaintiff proved a *prima facie* case. The dismissal of the complaint was error. Carswell and Taylor, JJ., concur; Lazansky, P. J., concurs in result; Adel and Close, JJ., dissent and vote to affirm, with the following memorandum: In 1928, after making several payments, the defendant gave notice to the plaintiff, as provided in the policy, that it appeared to it (the insurer) that the insured was no longer disabled and that it would make no further disability payments and future premiums would not be waived. The insured accepted such notice, acquiesced in the decision and thereafter paid the premiums as they became due. For eight years thereafter the premiums were paid on the policy and no disability payments were made. In 1936 plaintiff again gave notice to the company that he was totally and permanently disabled and that such disability dated back to and began in May, 1930. In this action plaintiff seeks to recover disability benefits from January, 1928, and premiums he has paid since that date. On these facts there is no liability. Insured acquiesced in the decision of the company and accepted the construction placed by it on the contract. To avail itself of the benefit of these facts it was not necessary for the defendant to plead acquiescence and waiver as defenses.